**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: LYNN Z. SMITH, Debtor,<br><br>            Appellant,<br><br>v.<br><br>ANDREA DOBIN, Chapter 7 Trustee,<br><br>            Appellee. | Civil Action No. 23-04485 (GC)<br><br>On Appeal from<br>Bankruptcy Case No. 17-34862 (MBK)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, U.S.D.J.**

     **THIS MATTER** comes before the Court upon Appellant Lynn Z. Smith's September 27, 2023 Application to proceed *In Forma Pauperis* ("IFP") as well as her November 10, 2023 motions styled "Motion for Permission or Leave to Appeal the October 26, 2023 Order Denying the Requested Extension of Time to File Appellant Brief" and "Motion to Supplement the Record." (ECF Nos. 11, 15, 16.) The Court will briefly recite the procedural history before addressing the substance of Ms. Smith's IFP application and pending motions.

     On August 14, 2023, Ms. Smith filed with this Court her Notice of Appeal from the Bankruptcy Court's July 3, 2023 Order Dismissing Case, Directing Distribution of Funds on Hand and Granting Related Relief as well as the Bankruptcy Court's July 27, 2023 Order Denying Motion to Reconsider. (ECF No. 1.)

     On August 31, 2023, Ms. Smith filed what was styled as a "Motion for Permission to Appeal *In Forma Pauperis*." (ECF No. 5.) Shortly thereafter, the Court issued a text order directing Ms. Smith to resubmit her IFP request via the standard form utilized by the District of New Jersey and granted her until September 22, 2023, to do so. (ECF No. 6.)

On September 21, 2023, after receiving multiple extensions of time from the Bankruptcy Court, Ms. Smith filed the Designation of Record on Appeal. (ECF No. 9.) On September 27, 2023, the Court received Ms. Smith's completed IFP application. (ECF No. 11.)

On October 23, 2023, Ms. Smith filed a request for a Clerk's Order to extend her time to file her opening brief from October 25, 2023, until November 8, 2023. (ECF No. 12.) The Clerk entered a text order that same day informing Ms. Smith that the extension request was beyond the scope of relief that the Clerk could grant. On October 26, 2023, however, this Court entered a text order granting Ms. Smith a three-week extension to submit her opening brief, which was now due by November 13, 2023. (ECF No. 14.)

On or around October 25, 2023, it appears that Ms. Smith filed a separate application for a three-month extension of time to submit her opening brief. (ECF No. 13.) She asked that she be granted until January 23, 2024, which is more than five months after the notice of appeal was filed. (*Id.*) Ms. Smith cited "several major holidays" and the complex nature of her case as the reasons for the lengthy extension request. (*Id.*)

On November 10, 2023, Ms. Smith filed a two-page document that asked that she be granted leave to appeal the Court's October 26, 2023 text order. (ECF No. 15.) Although the Court's relevant order granted a three-week extension of time for Ms. Smith to file her opening brief, Ms. Smith wrote that she sought to appeal on the basis that the Court had not granted her until January 23, 2024, and she needed until at least January 5. (*Id.*) Also on November 10, Ms. Smith filed a motion to supplement that states that she is seeking an "extension until . . . January 12, 2024," to file her opening brief. (ECF No. 16.)

### A. IFP Application

"The *in forma pauperis* statute . . . 'is designed to ensure that indigent litigants have *meaningful* access to the federal courts.' Specifically, Congress enacted the *in forma pauperis*

2

statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 323 (1989)).

District courts have the discretion to grant or deny an IFP application after considering a litigant's representations about their indigency status. *See Aruanno v. Davis*, 168 F. Supp. 3d 711, 714 (D.N.J. 2016); *see also Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) ("We review the denial of leave to proceed IFP for abuse of discretion."). "In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party. A party need not be destitute to warrant such status, but the status is a privilege rather than a right." *Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3d Cir. 2013). While a litigant does not need to prove that he or she is "destitute," courts have denied IFP applications when a litigant's representations have suggested that paying court costs would not deprive them of the "necessities of life." *See, e.g.*, *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (affirming denial of IFP application even though plaintiff might have "to save for several months" to pay her litigation expenses, because plaintiff's partner provided her with food, clothing, shelter, and other "necessities of life"); *Roberts v. Twp. of Horsham*, Civ. No. 94-1821, 1994 WL 384934, at *1 (E.D. Pa. July 19, 1994) (denying IFP application because plaintiff listed real estate valued at $130,000 as an asset even though she reportedly had no income). In the bankruptcy context specifically, the United States Court of Appeals for the Third Circuit has affirmed the denial of IFP status when the litigant "had rental income of $3000 a month, two cars (though one had its 'title in litigation'), 'less than $500 average' in a bank account, and an IRA account worth $8000." *In re Mactruong*, 335 F. App'x 156, 158 (3d Cir. 2009).

Here, having carefully considered Ms. Smith's sworn representations in her IFP application, the Court finds that she has neither established that she is indigent nor that she cannot afford to pay the filing fee and litigation expenses associated with the present matter. Notably, Ms. Smith indicates that her average monthly income is $8,800.00, which amounts to over $100,000.00 per year, and that she owns two vehicles. (ECF No. 11 at 1–3.) Ms. Smith also indicates that her average monthly expenses total $4,630.00, just over half her monthly income, leaving her a sum of about $4,000.00 per month once her expenses are subtracted from her income. (*Id.* at 4–5.) Ms. Smith writes at the end of her IFP application that there are other expenses not accounted for in her monthly average, including payments she makes for one of her adult daughters, such as "cell phone, fax, software, art materials," and other "miscellaneous expenses." (*Id.* at 5.) Even considering these additional expenses, the Court finds that Ms. Smith has not demonstrated entitlement to IFP status. Ms. Smith's income is substantial and well exceeds what she pays for the "necessities of life." Accordingly, Ms. Smith's IFP application is denied, and she is directed to pay the filing fee within fourteen (14) days if she intends to proceed with this appeal.

B. **EXTENSION REQUEST**

Although Ms. Smith has already had a significant period since filing her notice of appeal to prepare her brief in support, if she pays the filing fee within the time specified herein, the Court will grant Ms. Smith a final extension until January 12, 2024, to file her opening brief. This extension is granted considering Ms. Smith's *pro se* status, the upcoming holidays, as well as to ensure that she has been afforded a full and fair opportunity to have her arguments heard.

For these reasons, and other good cause shown,

**IT IS** on this 22nd day of November, 2023, **ORDERED** as follows:

1. Ms. Smith's IFP Application (ECF No. 11) is **DENIED**, and the Clerk is directed to administratively **CLOSE** this matter. If Ms. Smith seeks to proceed with her

appeal, she must pay the filing fee by December 6, 2023, at which point the Clerk is directed to reopen the matter without further action from the Court.

2. If Ms. Smith pays the filing fee by December 6, 2023, then the deadline for her opening brief will be extended until January 12, 2024.

3. The Clerk is directed to remove the IFP flag and to terminate the motions pending at ECF Nos. 15 and 16. The Clerk is also directed to mail a copy of this Memorandum & Order to Appellant via regular United States mail.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE